1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>        Petitioner,<br><br>   v.<br><br>ON HABEAS CORPUS,<br><br>        Respondent.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:13-cv—00206-AWI-SKO-HC<br><br>ORDER GRANTING PETITIONER'S<br>MOTION FOR VOLUNTARY DISMISSAL OF<br>THE PETITION (DOC. 4)<br><br>ORDER DENYING PETITIONER'S<br>REQUEST FOR RETURN OF DOCUMENTS<br>(DOC. 4)<br><br>ORDER DISMISSING THE PETITION<br>WITHOUT PREJUDICE (DOC. 1)<br>AND DIRECTING THE CLERK TO<br>CLOSE THE ACTION |

     Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is the Petitioner's request to "rescind" his petition, which is understood by the Court to be a motion for voluntary dismissal of the action.  The request was filed on February 21, 2013; the petition was filed on February 8, 2013.

     The named respondent has not appeared in the action. Petitioner filed the instant motion for dismissal of the petition on the ground that the petition was filed in this Court by mistake.

Subject to other provisions of law, a Petitioner may
voluntarily dismiss an action without leave of court before
service by the adverse party of an answer or motion for summary
judgment.  Fed. R. Civ. P. 41(a).  Otherwise, an action shall not
be dismissed except upon order of the court and upon such terms
and conditions as the court deems proper.  Id.

Here, no answer or motion for summary judgment has been
served or filed.  Thus, Petitioner is entitled to dismissal.

The dismissal of the petition will be denominated as a
dismissal without prejudice.  However, Petitioner is forewarned
that there is a one-year limitations period in which a federal
petition for writ of habeas corpus must be filed.  28 U.S.C.
§ 2244(d)(1).  In most cases, the one-year period begins to run
at the conclusion of direct review.  Id.  The limitations period
is tolled while a properly filed request for collateral review is
pending in state court.  28 U.S.C. § 2244(d)(2); Nino v. Galaza,
183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846
(2000).  However, the limitations period is not tolled for the
time such an application is pending in federal court.  Duncan v.
Walker, 121 S.Ct. 2120, 2129 (2001).

Further, Petitioner has requested that the Court number and
return all documents filed in the action.  However, the Court
will retain the documents as its record of the action.  The
Clerk's office does not provide free copies of documents to
parties.

Accordingly, it is ORDERED that:

1)  Petitioner's motion for voluntary dismissal is GRANTED;
and

2)   Petitioner's request for return of documents is DENIED; and

3)   The petition for writ of habeas corpus is DISMISSED without prejudice; and

4)   The Clerk is DIRECTED to close this action because this order terminates the proceeding in its entirety.

IT IS SO ORDERED.

Dated:    March 14, 2013
                                                    _____
                                                    SENIOR  DISTRICT  JUDGE

3